**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HAROLD WAYNE FREEMAN,

        Plaintiff,

v.                                                          Case No. 6:14-cv-333-Orl-37DAB

FLORIDA DEPARTMENT OF
PROFESSIONAL REGULATION;
FLORIDA DIVISION OF A LCOHOLIC
BEVERAGE AND TOBACCO;
METROPOLITAN BUREAU OF
INVESTIGATION; JOSH MOYER;
CYNTHIA HILL; ELLEN CRABILL;
TOCKAY LAOCHAREUM; MURTICE
TUCKER; RAFAEL BERRIOS; and
URIEL ORTIZ,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendant, Metropolitan Bureau of Investigation's Second Dispositive – Motion to Dismiss (Doc. 31), filed June 2, 2014;

2. Defendants, Florida Department of Professional Regulation and Florida Division of Alcoholic Beverages and Tobacco's, Motion to Dismiss and Memorandum of Law in Support Thereof (Doc. 33), filed June 26, 2014;

3. Defendant, Metropolitan Bureau of Investigation's Second Dispositive – Motion to Dismiss (Doc. 34), filed June 26, 2014;

4. Plaintiff, Harold Freeman's, Motion to Deny Defendant[']s Motion to Dismiss (Doc. 35), filed July 11, 2014; and

5. Plaintiff, Harold Freeman's, Amended Motion to Deny Defendant[']s Motion to Dismiss (Doc. 36), filed July 14, 2014.

Upon consideration, the Court finds that the motions to dismiss are due to be granted.

## BACKGROUND

On June 6, 2014, Harold Wayne Freeman ("Plaintiff") filed his pro se Amended Complaint[1] against the Florida Department of Professional Regulation ("FDPR"), the Florida Division of Alcoholic Beverage and Tobacco ("FDABT"), the Metropolitan Bureau of Investigation ("MBI"), Josh Moyer, Cynthia Hill, Ellen Crabill, Tockay Laochareum, Murtice Tucker, Rafael Berrios, and Uriel Ortiz (collectively "Defendants"). (Doc. 32.)

Plaintiff alleges that on March 8, 2010, his beverage license was permanently revoked by FDABT. (*Id.* ¶ 1.) Plaintiff contends that during the administrative proceedings to revoke said license, Defendants made false statements and filed false reports. (*Id.* at 6-16.) Plaintiff alleges that the "Defendants have never proven any of the allegations by clear and convincing evidence," and they had "no right to or authority to revoke his beverage license." (*Id.* ¶ 73.)

Although the format and substance of the Complaint is very confusing, it appears that Plaintiff may be attempting to assert claims of: (1) "Fraud Upon the Court" (*id.* at 18); (2) "Discrimination" (*id.* at 19); (3) "Malicious Prosecution" (*id.* at 21); (4) "Conspiracy" (*id.*); (5)

---

[1] On March 31, 2014, MBI moved to dismiss Plaintiff's first Complaint based on improper service (Doc. 11), and the Court granted MBI's motion on April 24, 2014. The Court ordered Plaintiff to properly serve MBI by June 30, 2014 (*id.*), and Plaintiff complied. (Doc. 30). On April 8, 2014, FDABT and FDPR moved to dismiss Plaintiff's first Complaint based on several grounds including, failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure (Doc. 17), and the Court granted the motion on May 16, 2014 (Doc. 29). The Court allowed Plaintiff to file an Amended Complaint on or before June 6, 2014. (*Id.*)

"Gross Negligence" (*id.* at 22); and (6) violations of "Plaintiff's rights not to be subjected to unreasonable seizure, their right to liberty, their right to due process of law and their [*sic*] right to equal protection of the laws" as guaranteed by the United States and Florida Constitutions (*id.* ¶ 18–21). FDPR, FDABT, and MBI move to dismiss the Amended Complaint. (Doc. 33, 34.) Plaintiff filed responses (Docs. 35, 36), and the motion is ripe for adjudication.

## STANDARDS

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Court also recognizes that Plaintiff is proceeding in this matter *pro se*. In reviewing the SAC, the Court applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while courts should show leniency to *pro se* litigants, "this leniency does not give a

court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action").

**DISCUSSION**

FDPR, FDABT, and MBI move to dismiss the Amended Complaint on the grounds that: (1) they are immune from suit under the Eleventh Amendment; (2) Plaintiff is not a proper plaintiff; (3) Plaintiff's claims are barred by the statute of limitations; and (4) Plaintiff fails to state any claim under showing that he is entitled to relief. (Docs. 33, 34.) MBI and FDBAT also argue that they are not separate legal entities that can be properly sued. (*Id.*) Further, FDBAT and FDPR argue that the Court lacks subject matter jurisdiction of Plaintiff's claims, under the *Rooker-Feldman* doctrine. (Doc. 33, pp 6–7.) Although many of these arguments appear to have merit, the Court will resolve the motion only on the ground that the Amended Complaint fails to satisfy the requisite pleading standards.

As currently pled, the complaint lacks sufficient facts from which a cognizable cause of action can be inferred. When stating his claims, Plaintiff makes disjointed and confusing allegations mixed with conclusory facts and statements of the law, which are generally incoherent. (Doc. 32, ¶¶ 18–22.) Furthermore, as argued by FDABT, FDPR, and MBI, the Plaintiff sets forth a confusing factual narrative, makes sweeping assertions, and groups alleged violations in a manner that is not in accordance with Rule 10(b).[2] (Doc. 34, pp. 2–3; Doc. 33, p. 15.)

---

[2] Rule 10 requires that a "party state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and further that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b).

Plaintiff's addition of several defendants[3] in the Amended Complaint creates more confusion because it is virtually impossible to know which allegations of fact are intended to support which claims for relief, or which defendant the claim is directed towards. The primary purpose of the pleading requirements under Rule 8 is to provide a defendant with adequate notice which will enable the adverse party to answer and prepare for trial. *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 838 (11th Cir. 2011). The Court finds that even by the liberal standards for notice pleading and for pro se complaints, the Amended Complaint is insufficient to provide the Defendants with fair notice of Plaintiff's claims. Thus, the Court will grant the motions to dismiss filed by MBI, FDABT, and FDPR.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant, Metropolitan Bureau of Investigation's Second Dispositive – Motion to Dismiss (Doc. 31) is **DENIED AS MOOT**. Plaintiff, Harold Freeman, filed an Amended Complaint. The only issues before the Court are the ones raised in the Amended Complaint

2. Defendants, Florida Department of Professional Regulation and Florida Division of Alcoholic Beverages and Tobacco's, Motion to Dismiss and Memorandum of Law in Support Thereof (Doc. 33) is **GRANTED**.

3. Defendant, Metropolitan Bureau of Investigation's Second Dispositive – Motion to Dismiss (Doc. 34) is **GRANTED**.

---

[3] Josh Moyer, Cynthia Hill, Ellen Crabill, Tockay Laochareum, Murtice Tucker, Rafael Berrios, and Uriel Ortiz were all named in Plaintiff's Amended Complaint as defendants in their official and/or individual capacity. (Doc 32, pp. 3–4.)

4. Plaintiff's Amended Complaint (Doc. 32) is **DISMISSED WITHOUT PREJUDICE**.

5. Plaintiff may file an Amended Complaint on or before **August 8, 2014**.

6. If Plaintiff fails to timely file an Amended Complaint in accordance with the requirement of this Order, this action will be **CLOSED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 18, 2014.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Harold Wayne Freeman