**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HAROLD WAYNE FREEMAN,

          Plaintiff,

v.                                        Case No. 6:14-cv-333-Orl-37DAB

FLORIDA DEPARTMENT OF
BUSINESS & PROFESSIONAL
REGULATION; FLORIDA DIVISION OF
ALCOHOLIC BEVERAGE AND
TOBACCO; METROPOLITAN BUREAU
OF INVESTIGATION; JOSH MOYER;
CYNTHIA HILL; ELLEN CRABILL;
TOCKAY LAOCHAREUM; MURTICE
TUCKER; RAFAEL BERRIOS; and
URIEL ORTIZ,

          Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.     Pro Se Plaintiff Harold Wayne Freeman's Amended Complaint for Compensatory and Punitive Damages and Demand for Trial by Jury (Doc. 44), filed August 22, 2014;

2.     Metropolitan Bureau of Investigation's Fourth Dispositive Motion to Dismiss (Doc. 45), filed August 26, 2014;

3.     Defendants, DBPR's and DABT's Motion to Dismiss Second Amended Complaint with Prejudice and Memorandum of Law in Support (Doc. 46), filed September 10, 2014; and

4.     Motion to Deny Defendants['] Motion[s] to Dismiss with Prejudice and Memorandum of Law in Support (Doc. 51), filed October 6, 2014.

Upon consideration, the Court finds that the Defendants' motions are due to be granted.

**BACKGROUND**

This action concerns the March 8, 2010 revocation of Florida beverage license #58-00395 (the "License"), which was allegedly owned by pro se Plaintiff Harold Wayne Freeman.[1] (Doc. 44, ¶¶ 1–3.) Although the pleadings are difficult to follow, the gravamen of Plaintiff's ten claims appears to be that Defendants Florida Department of Professional Regulation ("DBPR") and Florida Division of Alcoholic Beverage and Tobacco ("DABT"), "illegally" revoked the License without substantial and competent evidence and based on false statements and reports from: (1) DBPR's attorney Josh Moyer (*id.* p. 3); (2) DABT Hearing Officer Ellen Crabill (*id.*); and (3) Metropolitan Bureau of Investigation ("MBI") agents Rafael Berrios, Touckay Laochareum, and Murtice Tucker.[2] (*Id.* ¶¶ 3–4, 6–8, 11–29, 31–32; *see also* Doc. 51, p. 7 ("Plaintiff has filed suit for damages for revocation of beverage license."); *id.* p. 23 ("Plaintiff has filed a claim for Fraud Upon the Court, Slander, Illegal Revocation [sic]").)

The Court previously dismissed two complaints filed by Plaintiff because they consisted of largely incoherent allegations, did not state cognizable claims, and did not comply with the Court's minimal pleading requirements. (Docs. 29, 37; *see* Docs. 1, 32; *see also* Doc. 22 (dismissing for improper service).) The Court granted Plaintiff leave to

---

[1] Previously, Plaintiff alleged that the initial date of revocation was June 30, 2008 (*id.* ¶ 17), and the revocation became final in "March of 2010" after an unsuccessful appeal to Florida's Fifth District Court of Appeal (*id.* at ¶¶ 26–32). Plaintiff also previously indicated that the License was held by and the revocation process was initiated against Wayne's World, Inc.—a Florida corporation owned by Plaintiff. (*See* Doc. 1, ¶¶ 5–10.)

[2] The Defendants are DBPR, DABT, MBI, Moyer, Crabill, Laochareum, Tucker, Berrios, Uriel Ortiz, and Cynthia Hill. (Doc. 44.) The Amended Complaint indicates that Moyer, Crabill, Laochareum, Tucker, Berrios, Ortiz, and Hill (the "Individual Defendants") are named as Defendants in their official capacities and individually. (*Id.*)

amend, but only after encouraging him to review certain materials designed to assist pro se parties and advising him of his obligations under Federal Rules of Civil Procedure 8, 10, and 11, to file a pleading that:

(1)    sets forth a short and plain statement of his claim and the grounds for the Court's jurisdiction, Fed. R. Civ. P. 8(a);

(2)    consists of allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d);

(3)    is organized in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); and

(4)    only includes claims "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2).

(*See* Docs. 29, 37.) Apparently ignoring the Court's prior Orders, on August 22, 2014, Plaintiff filed an unimproved twenty-page iteration of his Complaint comprised of a disorganized mix of numbered and unnumbered paragraphs which set forth conclusory and confusing factual allegations and legal assertions. (Doc. 44.)

Not surprisingly, MBI, DABT, and DBPR again moved to dismiss. In addition to raising insufficiency of the pleadings (Doc. 45, pp. 3, 6–9; Doc. 46, pp. 9–11), the moving Defendants contend that the Court should dismiss Plaintiff's claims as barred by the Eleventh Amendment to the U.S. Constitution (Doc. 45, pp. 3, 8–9; Doc. 46, pp. 4–6), the *Rooker-Feldman* Doctrine (Doc. 46, pp. 6–7),[3] the statute of limitations (Doc. 45, pp. 4–5; Doc. 46, pp. 7–17), and sovereign immunity (Doc. 45, pp. 5–6; Doc. 46, pp. 4, 13–17). The moving Defendants further argue that Plaintiff, MBI, and DABT are not proper parties

[3] The *Rooker-Feldman* doctrine derives from two decisions of the U.S. Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

to this action. (Doc. 45, pp. 3–4, 9–12 (arguing that MBI and Plaintiff are not proper parties); Doc. 46, pp. 17–19 (arguing that DABT and Plaintiff are not proper parties).) Plaintiff responded (Doc. 51), and the motions are now ripe for adjudication.

**STANDARDS**

The pertinent pleading standards are set forth in the Court's prior Orders (Docs. 29, 37), and the Court will not repeat them here. The Court simply notes that it cannot "serve as de facto counsel" for Plaintiff, nor can it "rewrite an otherwise deficient pleading in order to sustain" this action. *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Nonetheless, the Court continues to apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).

**DISCUSSION**

**I.    Sufficiency of the Pleadings**

At the outset, the Court finds that the Complaint again fails to comply with the Court's pleading requirements, and it does not include allegations sufficient to plausibly state the ten claims asserted in the Complaint:

(1)    "Illegal Revocation" of the License (Doc. 44, ¶¶ 33–35 ("Claim I"));

(2)    "Due Process" Violation (*id.* ¶¶ 36–38 ("Claim II"));

(3)    "Equal Protection" Violation (*id.* ¶¶ 39–41 ("Claim III"));

(4)    "Discrimination" (*id.* ¶¶ 42–44 ("Claim IV"));

(5)    "Conspiracy" (*id.* ¶¶ 45–47 ("Claim V"));

(6)    "Gross Negligence" (*id.* ¶¶ 48–50 ("Claim VI"));

(7)    "Fraud Upon the Court" (*id.* ¶¶ 51–53 ("Claim VII"));

4

(8)    "Slander and Defamation" (*id.* ¶¶ 54–56 ("Claim VIII"));

(9)    "Unreasonable Seizures" (*id.* ¶¶ 57–59 ("Claim IX")); and

(10)    "Malicious Prosecution" (*id.* ¶¶ 60–62 ("Claim X")).

A notable and fatal defect in the Complaint is that it is virtually impossible to determine the legal grounds for each of Plaintiff's ten claims or the identity of the Defendant sued in each claim.[4] Many of the claims are denominated as state torts with inexplicable citations to varied federal and state authority in unnumbered parentheticals inserted after each claim heading.[5] (*See* Doc. 44.) Such denominations, when combined with the conclusory and redundant allegations of each claim, have resulted in a pleading that is impossible to respond to or understand.

Another defect in the Complaint is Plaintiff's seeming assertion of state law tort claims as constitutional violations under § 1983. (*See id.* ¶¶ 33–62.) The Supreme Court of the United States has repeatedly warned that the Fourteenth Amendment is not "a font

---

[4] At pages two and three of the Complaint, Plaintiff names each Defendant. (Doc. 44, pp. 2–3.) Thereafter, no reference is made to Uriel Ortiz, and the only allegation concerning Cynthia Hill is a summary of an order that she entered as the Director of the DBPR. (*Id.* ¶ 29.) The actual claims provide no allegations concerning any specific Defendant and include a demand for damages from "DBPR, DABT, and MBI"—but not any Individual Defendant. (*Id.* pp. 9–16.)

[5] These parentheticals set forth various combinations of the following legal citations: (1) the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments; (2) 18 U.S.C. §§ 241 and 1001; (3) 28 U.S.C. §§ 1331 and 1343; (4) 42 U.S.C. § 1983; (5) Florida Statutes, §§ 893.13(1)(a)1, 455.225, 562.46; and (6) "Rule 28.106.35." (*Id.* at 8–15.) In an unnumbered paragraph on the second page of his Complaint Plaintiff further alleges that this action "arises under" the First, Fourth, Sixth, Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments "to the [U.S.] Constitution and 42 U.S.C. § 1983, 1985, (3) and 1988 [sic], as well as under Florida Law." (*Id.* at 2.) Although referenced on page two, the claims include no reference to the First, Seventh, or Thirteenth Amendments, or to 42 U.S.C. §§ 1985 or 1988. (*See* Doc. 22.) The only consistency in the Complaint is Plaintiff's citations to the Fourteenth Amendment and § 1983 for every claim. (*See* Doc. 44.)

5

of tort law to be superimposed upon whatever system may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) (declining to "trivialize" the Fourteenth Amendment by permitting a claim based on mere negligence). Here, the Court finds that the claims Plaintiff denominated as simple "gross negligence", slander, defamation, fraud upon the court, discrimination, and malicious prosecution do not state cognizable constitutional violations under § 1983.[6] *See McCray v. Howard*, 285 F. App'x 689, 693–94 (11th Cir. 2008) (affirming dismissal of slander claim that was asserted as a constitutional violation); *Behrens v. Regier*, 422 F.3d 1255, 1263–64 (11th Cir. 2005) (affirming dismissal of defamation claim asserted as a constitutional violation); *Cannon v. Taylor*, 782 F.2d 947, 949–50 (11th Cir. 1986).

Although the Motions to Dismiss are due to be granted based solely on the insufficiency of the pleadings, for the parties' guidance, the Court will briefly address additional arguments raised by the moving Defendants. In particular, the Court focuses on issues that impact this Court's jurisdiction to hear Plaintiff's claims.[7] *See* Fed. R. Civ. P.

---

[6] To the extent Plaintiff intended to assert these claims as state law claims, dismissal still is warranted due to the Complaint's insoluble ambiguity and the absence of allegations concerning the grounds for this Court to exercise jurisdiction over such claims. (*See* Doc. 44); *see also* 28 U.S.C. §§ 1331, 1367.

[7] The moving Defendants' arguments concerning the statute of limitations, the identity of the proper plaintiff, and the parties' capacity to be sued are dependent on factual matters that do not appear on the face of the Complaint. Accordingly, the Court will not address those matters at the pleading stage. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (holding that an affirmative defense may be grounds for dismissal only if a complaint's "allegations—on their face—show that an affirmative defense bars recovery on the claim"); *Doe v. St. John's Episcopal Parish Day School, Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (noting that a defendant's "capacity to be sued is more appropriately addressed in a dispositive motion"). Here, the Complaint is too confusing to discern viable claims—let alone the applicability of various affirmative defenses. (*See* Doc. 44.)

6

12(h)(3) (requiring dismissal of an action upon the determination that the court lacks subject matter jurisdiction); *see also Valezquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 856 (11th Cir. 2003) (noting that matters concerning jurisdiction—including application of the *Rooker-Feldman* doctrine—must be addressed "as a threshold matter").

## II.    Eleventh Amendment

The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir.1999); *see also Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993); *Cate v. Oldham*, 707 F.2d 1176, 1182 (11th Cir.1983) (holding that the "federal court has no jurisdiction" over claims where the State of Florida is a named defendant). Eleventh Amendment immunity extends to both monetary damages as well as injunctive relief. *Cate v. Oldham*, 707 F.2d 1176, 1182 (11th Cir.1983) (quoting *Cory v. White*, 457 U.S. 85, 90 (1982)).

There are "certain well-established exceptions to Eleventh Amendment immunity," specifically, "a state may waive its Eleventh Amendment immunity" or "Congress can abrogate states' Eleventh Amendment immunity." *In re Burke*, 146 F.3d 1313, 1317 (11th Cir. 1998). These exceptions do not apply here because Florida has not waived and Congress has not abrogated Florida's immunity for § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress did not intend Section 1983 to override

7

state immunity); *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1514–16 (11th Cir. 1986) (holding that Florida's limited waiver of immunity in § 768.28, Florida Statute, "does not constitute consent to suit in federal court under § 1983" for "constitutional torts").

Florida's immunity from suit extends to its agencies, officials in their official capacity, other arms of the state, and state instrumentalities. *See Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429–30 (1997). Here, DBPR and DABT are entitled to Eleventh Amendment immunity because they are agencies and arms of the State of Florida. *See* § 561.02, Fla. Stat.; *Cahill v. Fla. Dep't of Bus. & Prof'l Regulation,* No. 8:94-cv-00343-EAK, 1994 WL 378678, at *2 (M.D. Fla. 1994) (holding that the DBPR enjoys Eleventh Amendment Immunity); *see also Helm v. Liem*, No. 2:10-cv-288-FTM-29, 2012 WL 1366747, at *3 (M.D. Fla. 2012), *aff'd in part,* 523 F. App'x 643 (11th Cir. 2013), *cert. denied,* 134 S. Ct. 830 (2013); *Franklin v. Div. of Alcoholic Beverages & Tobacco & Dep't of Bus. & Prof'l Regulation*, No. 8:04-cv-01534-RAL-TBM (M.D. Fla. Oct. 5, 2004); *In re Diquez*, 477 B.R. 257, 260 (Bankr. S.D. Fla. 2012). Thus, to the extent Plaintiff asserts his claims against DBPR and DABT pursuant to § 1983, such claims are barred.[8]

### III.  Rooker-Feldman Doctrine

"The *Rooker-Feldman* doctrine is jurisdictional." *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1330 (11th Cir. 2010). It prevents lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). The doctrine applies to cases brought by "state-

---

[8] Similarly, the Eleventh Amendment bars such claims against the Individual Defendants in their official capacities.

court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

To the extent that Plaintiff demands judgment for damages resulting from the revocation of the License, the *Rooker-Feldman* doctrine would bar such claims. However, *Rooker-Feldman* would not bar any claims for damages that do not arise from the license revocation. For instance, Plaintiff might be able to pursue a claim for litigation misconduct or slanderous statements that caused distinct damages to Plaintiff. *See Kohler v. Garlets*, No. 14-10331, 2014 WL 4116460, at *2 (11th Cir. Aug. 22, 2014) (reversing dismissal of claim under *Rooker-Feldman* to the extent it sought damages for litigation misconduct and not a review or reversal of the state court judgment). In other words, whether Plaintiff's claims are barred by the *Rooker-Feldman* doctrine will depend on whether Plaintiff is asserting a claim independent and distinct from the state judgment revoking the License. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (explaining that *Rooker-Feldman* does not prevent a losing litigant from presenting an independent claim to a federal district court); *see also McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006) (holding that the *Rooker–Feldman* doctrine does not bar "independent claims that . . . state court judgments were procured by certain Defendants through fraud, misrepresentation, or other improper means").

VI.     **State Law Claims**

Plaintiff has alleged that this Court has jurisdiction over his claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 18 U.S.C. § 1001. (Doc. 44, p. 2.) While the Court would have jurisdiction over Plaintiff's civil rights and federal

question claims under 28 U.S.C. § 1331, Plaintiff has failed to plead the jurisdictional grounds for any purported state law claims that might be asserted (*e.g.,* gross negligence, slander, defamation, etc.). Plaintiff will need to sufficiently allege the jurisdictional grounds that enable this Court to entertain his state law claims.

Moreover, to the extent that Plaintiff seeks to assert such state law claims, he must abide by the Florida notice requirements. Before the Plaintiff can institute "a claim against the state[,] . . . one of its agencies or subdivisions," he must present "the claim in writing to the appropriate agency. . . ." Fla. Stat. § 768.28(6)(a) (1989). Satisfaction of the Florida notice requirements is a condition precedent to maintaining a lawsuit, and the complaint must contain an allegation that such notice was given. *Commercial Carrier Corp. v. Indian River Cnty.*, 371 So .2d 1010, 1022–23 (1979). A complaint that is brought without first providing statutory notice must be dismissed with leave for plaintiff to amend his complaint to allege compliance with the notice requirement. *Id.* at 1023.

Plaintiff admittedly has not satisfied the notice requirements under § 768.28(6). (Doc. 51, pp. 15–16.) Thus, to the extent he is asserting state law claims, they must be dismissed. If Plaintiff wishes to assert state law claims against DBPR, DABT, or MBI, he must abide by § 768.28(6), Florida Statutes and state a basis for this Court to exercise jurisdiction over such claims.

**VI.    Amendment of the Complaint**

Federal Rule of Civil Procedure Rule 15(a)(2) states that leave to amend "shall be freely given when justice so requires." However, a plaintiff's action may be dismissed with prejudice when it is "clearly established that the plaintiff cannot, with leave to amend, cure the legal defects." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239–40

(11th Cir. 2000). The Court has already given Plaintiff two opportunities to amend his complaint, after providing him with notice of the defects in each pleading. Yet, Plaintiff has still failed to comply with the pleading requirements. Nonetheless, at this point, it is not clearly established that allowing Plaintiff to amend his complaint would be futile. Thus, the Court will give Plaintiff one final opportunity to adequately state a claim for relief. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988) (stating that district court should have allowed amendment where "it does not appear beyond doubt that [plaintiff] cannot prove a set of facts which would entitle him to relief").

While the Court is allowing Plaintiff to amend his complaint, Plaintiff is cautioned that failure to state a viable claim in the amended complaint will result in dismissal with prejudice.

## V.    Individual Defendants

Plaintiff first named the Individual Defendants in his amended complaint filed on June 6, 2014. (Doc. 32.) Accordingly, pursuant to Federal Rules of Civil Procedure 4(b), (c)(1), (d), and (m), Plaintiff was required to serve the Individual Defendants with a summons and complaint on or before October 6, 2014. Summons has not issued, and Plaintiff has not filed a proof of service as required by Rule 4(l)(1). Accordingly, absent a showing of good cause by Plaintiff, the Court "must dismiss" Plaintiff's claims against the Individual Defendants. Fed. R. Civ. P. 4(m).

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Defendant, Metropolitan Bureau of Investigation's Fourth Dispositive Motion to Dismiss (Doc. 45) is **GRANTED**.

11

2.    Defendant, Florida Department of Professional Regulation and Florida Division of Alcoholic Beverages and Tobacco's Motion to Dismiss Second Amended Complaint with Prejudice and Memorandum of Law in Support (Doc. 46) is **GRANTED**.

3.    Plaintiff's Second Amended Complaint (Doc. 44) is **DISMISSED**.

4.    On or before **December 12, 2014**, Plaintiff may file an amended complaint that fully complies with this Order, the Court's prior Orders, and the Rules of the Court. Plaintiff will not be afforded another opportunity to file an amended complaint.

5.    On or before **December 12, 2014**, Plaintiff shall **SHOW CAUSE** why his claims against Josh Moyer, Cynthia Hill, Ellen Crabill, Tockay Laochareum, Murtice Tucker, Rafael Berrios, and Uriel Ortiz should not be dismissed due to Plaintiff's failure to comply with the service of process requirements set forth in the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 21, 2014.

ROY B. DALTON JR.
United States District Judge

Formatted: Font: (Default) Arial

Copies:

12

Counsel of Record