**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

HAROLD WAYNE FREEMAN,

        Plaintiff,

v.                                                           Case No. 6:14-cv-333-Orl-37DAB

FLORIDA DEPARTMENT OF
BUSINESS & PROFESSIONAL
REGULATION; FLORIDA DIVISION OF
ALCOHOLIC BEVERAGE AND
TOBACCO; METROPOLITAN BUREAU
OF INVESTIGATION; JOSH MOYER;
CYNTHIA HILL; ELLEN CRABILL;
TOCKAY LAOCHAREUM; MURTICE
TUCKER; RAFAEL BERRIOS; and
URIEL ORTIZ,

        Defendants.

**ORDER**

This cause is before the Court on the Plaintiff's Response to Order to Show Cause (Doc. 65), filed January 15, 2015.

On June 6, 2014, Harold Wayne Freeman ("Plaintiff") filed an amended complaint naming Josh Moyer, Cynthia Hill, Ellen Crabill, Tockay Laochareum, Mutrice Tucker, Rafael Berrios, and Uriel Ortiz ("Individual Defendants") as additional defendants. (Doc. 32.) After initiating suit, no summons issued, and Plaintiff did not file proof of service with the Court on or before October 6, 2014, as required under Federal Rules of Civil Procedure 4(b), (c)(1), (d), and (m). Consequently, on November 24, 2014, this Court entered an Order directing the Plaintiff to show cause, no later than December 12, 2014, why his claims should not be dismissed against the Individual Defendants for failure comply with the service of process requirements set forth in the Federal Rules of Civil

Procedure. (Doc. 52.) On December 5, 2014, Plaintiff filed a Motion for Extension of Time to file his amended complaint and to obtain legal counsel. (Doc. 53.) On December 17, 2014, Judge Baker granted Plaintiff's request for an extension, and directed Plaintiff to file his amended complaint and to serve the Individual Defendants on or before December 31, 2014. (Doc. 55.) Despite the fact that Plaintiff was granted an extension for service, he waited until December 31, 2014, the extended service deadline, to obtain summons for six of the seven Individual Defendants.[1] Accordingly, on January 7, 2015, this Court entered an Order directing the Plaintiff to show cause why his claims against the Individual Defendants should not be dismissed for failure to comply with Judge Baker's Order, which required Plaintiff to serve the Individual Defendants on or by December 31, 2014. (Doc. 63.)

On January 15, 2015, Plaintiff filed his response to the Court's Show Cause Order. (Doc. 65.) Here, Plaintiff asserts that good cause exists for the late service because Judge Baker's Order was not received by him until December 24, 2014, leaving him only 3 days to file the amended complaint and serve the Individual Defendants. The Court finds Plaintiff's assertion for good cause unpersuasive.

On November 24, 2014, this Court issued an Order granting Plaintiff leave to file an amended complaint and directing Plaintiff to serve the Individual Defendants. (Doc. 52.) Thus, Plaintiff was aware that he needed to serve the Individual Defendants well before the December 24, 2014, deadline set by Judge Baker. Judge Baker's extension was not intended as a means for Plaintiff to procrastinate, its purpose was to

---

[1] Plaintiff only obtained summons for all Individual Defendants, except, Uriel Ortiz (Docs. 56–62.)

2

give the Plaintiff additional time to fulfill his obligation. Plaintiff failed to explain what he was doing for an entire month between this Court's first Order, putting him on notice of his failure of service, and Judge Baker's Order, granting him an extension of service. Moreover, to this date, February 2, 2015, Plaintiff still has not served all of the Defendants.

Plaintiff suggests that his belated service is also justified by his challenge with obtaining all of the correct addresses for the Individual Defendants. However, Plaintiff has not alleged or presented any proof showing that he has conducted a diligent search or inquiry. Rather than some factor outside Plaintiff's control, it appears that the untimely service here was caused by a simple lack of diligence on the part of Plaintiff. As noted before, Plaintiff waited until the extension deadline to even obtain a summons for each Defendant. To date, only two of the seven Individual Defendants have been served— Ellen Crabill and Josh Moyer. Although the response includes a conclusory assertion that the remaining Individual Defendants are "in fact being served", there is no proof that Plaintiff has even provided summons to a process server for the remaining Individual Defendants.

In sum, despite having ample opportunity to timely serve all of the Individual Defendants, Plaintiff has failed to do so. More than 76 days have passed since the deadline for proper service on the Individual Defendants in this action (*see* Fed. R. Civ. P. 4(m)), and Plaintiff still has not submitted satisfactory proof of service for Uriel Ortiz, Murtice Tucker, Tockay Laochareum, Rafael Berrios, and Cynthia Hill. Accordingly, this action is due to be dismissed against the defendants whom Plaintiff has failed to serve. *See Abele v. Hernando Cnty.*, 161 F. App'x 809, 812–13 (11th Cir. 2005) (per curiam) (affirming dismissal for failure to timely serve defendants by extended service

deadline where delay was caused by plaintiff's lack of diligence and evidence did not show evasion of service).

## CONCLUSION

Accordingly, hereby **ORDERED AND ADJUDGED** that:

(1) The claims asserted against Defendants Uriel Ortiz, Murtice Tucker, Tockay Laochareum, Rafael Berrios, and Cynthia Hill are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

(2) The Clerk is **DIRECTED** to terminate Uriel Ortiz, Murtice Tucker, Tockay Laochareum, Rafael Berrios, and Cynthia Hill as Defendants to this action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 3, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Plaintiff

4